**In re the Adoption of: T.L.W. and T.S.W., Minor Children.**

**Tracy Williams, Appellant.**

**No. 71A04–0506–JV–352.**

Court of Appeals of Indiana.

Oct. 18, 2005.

---

Fred R. Hains, Hains Law Firm, LLP, South Bend, IN, for Appellant.

Debra Voltz–Miller, South Bend, IN, for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant, Tracy Williams (Williams) appeals from the trial court's denial of her Motion to Enforce Visitation Agreement.

We affirm.

### *ISSUES*

Williams raises two issues on appeal which we consolidate as the following issue: whether, pursuant to Indiana Trial Rule 60(B)(2) or Ind. Trial Rule 60(B)(8),

the trial court erred in failing to review an adoption order, and consequently improperly denied Williams' Motion to Enforce Visitation Agreement.

*FACTS AND PROCEDURAL HISTORY*

Williams is the biological mother of T.L.W., born on September 27, 1999, and T.S.W., born on October 21, 1997. In November of 2000, the St. Joseph County Office of Family and Children removed T.L.W., T.S.W. and another of Williams' children from her home. On August 15, 2002, Williams voluntarily terminated her parental rights. One year later, on August 28, 2003, a court granted the adoption of T.L.W. and T.S.W. to Alma and Samuel Hill (collectively, the Hills).

On October 20, 2004, Williams filed a Motion to Intervene in the adoption case, which was granted. On November 4, 2004, Williams filed a Motion to Enforce Visitation Agreement. On February 7, 2005, a hearing was held on the matter. On April 14, 2005, the trial court denied Williams' motion, concluding:

1. [Williams'] request for relief under Trial Rule 60(B)(2) is not timely because it must be filed within one year after the entry of the judgment or order.

2. Trial Rule 60(B)(8) is not applicable to this case.

3. The absence of a specific reference to visitation in the Adoption Decree precludes [Williams] from "enforcing" a visitation agreement. There was no visitation agreement to enforce.

4. It is in the best interest of the children that the trial rules be strictly enforced so that the children may have permanency.

5. The Motion to Enforce Visitation Agreement is denied.

(Appellant's App. p. 6). Williams now appeals. Additional facts will be provided as necessary.

*DISCUSSION AND DECISION*

The thrust of Williams' claim is that the Hills have failed to comply with visitation and correspondence terms negotiated and promised by the Indiana Family and Social Services Administration prior to the termination of her parental rights. Specifically, Williams asserts that the adoption order failed to include this negotiated agreement regarding visitation and correspondence with T.L.W. and T.S.W. Thus, Williams argues that the trial court erred in not reviewing the adoption order pursuant to Ind. Trial Rule 60(B)(2) or T.R. 60(B)(8), and thus improperly denied her Motion to Enforce Visitation Agreement.

We review the denial of a motion for relief from judgment under T.R. 60(B) only for an abuse of discretion because such a motion is addressed to the equitable discretion of the trial court. *Crafton v. Gibson*, 752 N.E.2d 78, 82–83 (Ind.Ct.App. 2001). An abuse of discretion will be found only when the trial court's judgment is clearly against the logic and effect of the facts before it and the inferences to be drawn therefrom. *V.C. Tank Lines, Inc. v. Faison*, 754 N.E.2d 1061, 1064 (Ind.Ct. App.2001). In reviewing the evidence, we will not reweigh the evidence or substitute our judgment for that of the trial court. *Professional Laminate & Millwork, Inc. v. B & R Enterprises*, 651 N.E.2d 1153, 1157 (Ind.Ct.App.1995).

Trial Rule 60(B) provides in pertinent part as follows:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

\* \* \* \* \* \*

(2) any ground for a motion to correct error, including without limitation

newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

■ Williams first argues that the trial court abused its discretion in denying her Motion to Enforce Visitation Agreement based on T.R. 60(B)(2). In particular, Williams contends that she is due relief under T.R. 60(B)(2) because she only recently discovered that T.L.W. and T.S.W. were adopted. However, relief on the basis of T.R. 60(B)(2) is expressly available only if such a motion is filed within one year from the date of the order. *D.D.J. v. State,* 640 N.E.2d 768, 769 (Ind. Ct.App.1994), *trans. denied.* Here, the adoption order was entered on August 28, 2003, and Williams filed her T.R. 60(B)(2) on November 4, 2004. Accordingly, Williams did not file her 60(B)(2) motion until more than one year after the adoption order was entered. Thus, we conclude that Williams is not due relief under T.R. 60(B)(2), and that the trial court did not abuse its discretion in denying Williams' Petition to Enforce Visitation under this rule.

■ Alternatively, Williams argues that the trial court erred in not reviewing the adoption order pursuant to T.R. 60(B)(8), which allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief, other than those reasons set forth in T.R. 60(B)(1)-(4). What constitutes a reasonable period of time is dependent upon the circumstances of the case, and the burden is on the moving party to show that relief is both necessary and just. *Gipson v. Gipson,* 644 N.E.2d 876, 877 (Ind.1994). In the instant case, Williams argues that T.R. 60(B)(8) is applicable because the omission of visitation and correspondence terms in the adoption order constituted an injustice that warrants relief from the operation of the order.

■ This court has previously held that the party seeking relief under T.R. 60(B)(8) must show that its failure to act was not merely due to an omission involving mistake, surprise, or excusable neglect. *Indiana Ins. Co. v. Insurance Co. of North America,* 734 N.E.2d 276, 279–80 (Ind.Ct. App.2000), *reh'g denied, trans. denied.* Rather, some extraordinary circumstances must be affirmatively demonstrated. *Id.* In Williams' case, we find that her argument under T.R. 60(B)(8) is no different than her previous argument based on T.R. 60(B)(2). In fact, Williams reiterates that her delay in seeking relief from the adoption order was caused by her only recent discovery of T.L.W. and T.S.W.'s adoption. We do not find this or the alleged injustice suffered thereby to be an extraordinary circumstance in light of the need for stability and permanency in T.L.W. and T.S.W.'s lives. When making a determination regarding a T.R. 60(B) motion, a trial court is required to "balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation." *Crafton,* 752 N.E.2d at 83. Here, we conclude that permanency for T.L.W. and T.S.W. outweighs the alleged injustice suffered by Williams.

■ Furthermore, in a case like this, where the outcome has the potential to

impact the lives of young children, we do not find fifteen months to be a reasonable period for delaying the commencement of an action. The demand for prompt action in such a case is neither arbitrary nor punitive, but is instead a logical and necessary outgrowth of the State's legitimate interest in children's need for permanence and stability. *In re Adoption of J.D.C.,* 751 N.E.2d 747, 750 (Ind.Ct.App.2001). An adoption procedure is aimed at protecting and promoting the welfare of children, and seeks to expedite children's entry into stable families and avoid subsequent disruptions by a natural parent whose rights have been extinguished. *Matter of Paternity of Baby Girl,* 661 N.E.2d 873, 877 (Ind.Ct.App.1996).

Moreover, we cannot ignore that Williams' claim may have appropriately been brought under a subsection of T.R. 60(B) other than subsection (8), if timely filed. *See Ind. Ins. Co.,* 734 N.E.2d at 280. As we stated above, relief under T.R. 60(B)(8) is not available if such relief could have properly been sought under the provisions of T.R. 60(B)(1)-(4). *Id.* Consequently, again, we cannot find that relief under T.R. 60(B)(8) is available in Williams' case. *Id.* Therefore, we conclude that the trial court did not abuse its discretion in refusing to review the adoption order of T.L.W. and T.S.W. pursuant to T.R. 60(B)(8).

## CONCLUSION

Based on the foregoing, we find that the trial court did not err by denying Williams' Motion to Enforce Visitation Agreement.

Affirmed.

BAKER, J., and MATHIAS, J., concur.