Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. LaPAN**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONALD B. HALL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1109-DR-479 |
| | ) | |
| BEVERLY J. HALL, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
The Honorable Thomas P. Boyer, Magistrate
Cause No. 02D07-0608-DR-463

**May 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Donald B. Hall appeals the trial court's denial of his motion for relief from judgment pursuant to Indiana Trial Rule 60(B). On appeal, he contends that the trial court abused its discretion when it denied his motion. We agree and therefore reverse and remand.

**Facts and Procedural History**

Hall ("Husband") and Beverly J. Hall ("Wife") were married on December 7, 1979. During the marriage, Husband and Wife were both employees of General Motors Company. Husband petitioned for dissolution of marriage, and the trial court dissolved the parties' marriage by decree of dissolution on October 1, 2008. Paragraph 68 of the Dissolution Decree states:

> Petitioner is granted and awarded as Petitioner's sole property, free and clear of any and all claims which Respondent may have therein or thereto, all of Petitioner's General Motors hourly employees' pension benefits subject to Respondent receiving by way of a Qualified Domestic Relations Order fifty percent (50%) of Petitioner's General Motors hourly employees' pension benefits which have accrued as of August 28, 2006, in the form of an annuity for Respondent's life time and payable at Petitioner's earliest eligible retirement age.

Appellant's App. at ii, Trial Court Order at 1. Paragraph 69 of the Decree states:

> Respondent is granted and awarded as Respondent's sole property, free and clear of any and all claims which Petitioner may have therein or thereto, all of Respondent's General Motors hourly employees' pension benefits subject to Petitioner receiving by way of a Qualified Domestic Relations Order fifty percent (50%) of Respondent's General Motors hourly employees' pension benefits which have accrued as of August 28, 2006, in the form of an annuity for Petitioner's life time and payable at Respondent's earliest eligible retirement age.

2

*Id*. Following the entry of the dissolution decree, the parties disputed whether the Qualified Domestic Relations Orders ("QDROs") should be "shared interest" or "separate interest" QDROs. *Id*. On March 4, 2009, the trial court determined that the QDROs should be separate interest QDROs and entered a QDRO with respect to Husband's pension benefits, with Wife as alternate payee. For unknown reasons, on that same date, the trial court did not enter a second QDRO with respect to Wife's pension benefits, with Husband as alternate payee.

Pursuant to the entered QDRO, Wife began receiving benefits from Husband's pension on October 1, 2009.[1] On April 5, 2010, Wife filed a motion to clarify specifically noting that a separate QDRO had not been entered by the court as contemplated which would allow Husband to draw from her pension. Following a hearing on November 1, 2010, the trial court entered an order noting the "mistake by the Court" in not entering two QDROs on March 4, 2009. Respondent's Exh. Y. Therefore, on November 1, 2010, the trial court entered a QDRO with respect to Wife's pension, with Husband as alternate payee. Husband began receiving benefits pursuant to that QDRO on December 1, 2010.

On March 9, 2011, Husband filed a "Request for Amended Qualified Domestic Relations Order Date or in the Alternative Motion to Correct Per Rule 59 or in the Alternative Relief from Judgment Per Rule 60." Tr. at 3. Prior to the hearing on the motion, Husband learned that the administrator of Wife's pension was bound by the date the QDRO

---

[1] Although Wife could have elected to receive her first payment in April 2009, based upon the advice of financial advisors, she voluntarily elected to delay the receipt of her first payment until October 2009. Tr. at 31.

3

was entered and would not make retroactive payments. Accordingly, at the time of the hearing on June 28, 2011, rather than requesting retroactive payments, Husband requested that the trial court correct its mistake by entering a judgment against Wife for $4271.76, which was the amount calculated by Husband as what he could have collected had the trial court properly entered a second QDRO on March 4, 2009. On September 2, 2011, the trial court entered its findings and order denying Husband's motion for relief. This appeal ensued.

**Discussion and Decision**

We begin by noting that Wife has not filed an appellee's brief. Consequently, we do not undertake to develop arguments on Wife's behalf. *See Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse if Husband makes a prima facie showing of reversible error. *Id*. Prima facie error in this context is an error at first sight, on first appearance, or on the face of it. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). If Husband is unable to meet this burden, we will affirm. *See id*.

Although titled in various ways, Husband's motion to the trial court may properly be considered a Trial Rule 60(B) motion for relief from judgment. *See Case v. Case*, 794 N.E.2d 514, 517 (Ind. Ct. App. 2003). Pursuant to Trial Rule 60(B)(8), on motion and upon such terms as are just, the court may relieve a party from an entry of judgment for any reason justifying relief from the operation of the judgment. A trial court's ruling with regard to a Trial Rule 60(B) motion is addressed to the court's equitable discretion. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740-41 (Ind. 2010). When reviewing a trial court's decision of

4

whether to grant or deny a motion for relief from judgment, we do not reweigh evidence. *In re Adoption of T.L.W.*, 835 N.E.2d 598, 600 (Ind. Ct. App. 2005). We review a trial court's grant or denial for an abuse of discretion. *Id*. An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id*.

A QDRO is a judgment, decree, or order which relates to the provision of child support, alimony, or marital property rights for a spouse, former spouse, or dependant of a participant and creates a right in this person to receive all or a portion of the benefits payable to the pension participant. *Pond v. Pond*, 700 N.E.2d 1130, 1134 n. 8 (Ind. 1998) (citing I.R.C. § 414(p) (1993)). QDROs are authorized under the Retirement Equity Act of 1984. *Id*. The Retirement Equity Act of 1984, P.L. 98-397, 98 Stat. 1433 (1984), amended the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, to authorize state courts to order the distribution of pension benefits in divorce actions pursuant to a QDRO. *Id.*

The facts of this case can be summed up in simple terms. The parties' dissolution decree provided for an equal division of pension benefits. However, an admitted mistake by the trial court in not entering a QDRO which permitted Husband to receive benefits at the same time it entered the QDRO permitting Wife to receive benefits has resulted in Wife drawing benefits for a substantially longer period of time than Husband. This unintended and inequitable result cannot stand. We find our recent decision in *Evans v. Evans*, 946 N.E.2d 1200 (Ind. Ct. App. 2011), instructive.

In *Evans*, we recognized a dissolution court's continuing jurisdiction to reexamine a property settlement where the parties seek clarification of a prior order. *Id.* at 1204. This jurisdictional grant to a dissolution court is warranted as an extension of the court's necessary and usual powers to effectuate the marital dissolution, which includes the power to interpret the court's own decree. *Id.* Specifically, in *Evans*, the dissolution decree ordered the preparation of a QDRO that included terms that did not comply with ERISA or the pension plan's requirements. Thus, that part of the dissolution decree could not be implemented. Consequently, the trial court offered relief from its initial QDRO pursuant to Trial Rule 60(B) and ordered that the parties agree to an alternate payment plan or that the court would determine an alternate plan. On appeal, we affirmed the trial court's decision to grant such relief and order an alternate payment plan because the original QDRO was legally impossible to implement and the alternate payment plan was warranted to implement the terms and intent of the original dissolution decree. Indeed we explained that rather than being an alteration of the dissolution decree, the court's 60(B) order was a "clarification" to provide the wife with the marital property that she was entitled to receive under the original decree. *Id.* at 1205.

Similarly, here, Husband is entitled to a clarification to provide him with the marital property that he was entitled to receive under the dissolution decree. Husband has made a prima facie showing of error. The trial court's failure to enter two separate interest QDROs

on the same date has resulted in a windfall to Wife.[2] Because the pension administrator cannot retroactively supply benefits to Husband, the trial court must correct the error by entering a money judgment against Wife and in favor of Husband. We reverse the trial court's denial of Husband's motion for relief from judgment and remand with instructions for the trial court to calculate the amount of pension benefits Husband would have received but for the court's mistake.

Reversed and remanded.

VAIDIK, J., and BRADFORD, J., concur.

---

[2] We note that, during the hearing on Husband's motion for relief from judgment, Wife insinuated that the trial court's failure to enter a QDRO to effectuate Husband's interest in Wife's pension on March 4, 2009, was the fault of Husband's counsel as opposed to an oversight by the trial court. Because the trial court did not make a specific finding in this regard, we must assume that the mistake is that of the court as admitted in its previous order.