ATTORNEY FOR APPELLANT

Gregory F. Zoeller
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Steven T. Owens
Public Defender of Indiana

Vickie Yaser
Deputy Public Defender
Indianapolis, Indiana



FILED

Oct 25 2016, 12:37 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S04-1610-PC-554

STATE OF INDIANA,

*Appellant (Respondent below),*

v.

ROBERT COLLIER,

*Appellee (Petitioner below).*

Appeal from the Marion Superior Court, No. 49F15-9608-PC-124576
The Honorable Helen W. Marchal, Judge
The Honorable Stanley Kroh, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1508-PC-1036

**October 25, 2016**

**David, Justice.**

At issue in this case is whether the post-conviction court erred in granting Collier's motion for relief from judgment pursuant to Trial Rule 60(B)(8). In light of the facts and circumstances of this case and given the deferential standard of review, we affirm finding that: 1) Collier filed

his motion within a reasonable time given his incarceration, lack of education, limited resources and potential cognitive and/or mental deficiencies; 2) there were extraordinary circumstances due to the post-conviction court's failure to refer Collier's petition to the State Public Defender in accordance with the Post-Conviction Rules; and 3) Collier has alleged a meritorious claim.

**Facts and Procedural History**

In 1997, Robert Collier pled guilty to possession of cocaine as a class D felony. He was sentenced to 545 days in the Department of Correction with 521 days suspended and 90 days of probation.

In 2001, Collier filed a *pro se* petition for post-conviction relief wherein he alleged that he was denied the effective assistance of counsel, was misled by his attorney and the trial court and his guilty plea was not knowing, intelligent and voluntary. Collier indicated he wished to have a public defender appointed to represent him and submitted an affidavit of indigence. The post-conviction court appointed a public defender for Collier, but his petition for post-conviction relief was ultimately withdrawn without prejudice in 2005 after Collier's motion to file a belated appeal was denied and his public defender withdrew as counsel.

In 2007, Collier filed a new *pro se* petition for post-conviction relief alleging ineffective assistance of counsel, claiming he did not make an intelligent and voluntary plea and requesting his plea agreement be vacated. Collier again indicated that he wished to have a public defender appointed and completed an affidavit of indigence. However, the court did not refer the petition to the State Public Defender and the court summarily denied Collier's petition.

In December 2008, Collier wrote to the court asking about the status of his petition and request for representation. According to an entry in the court's chronological case summary (CCS), Collier was sent a copy of the order denying his 2007 petition in December 2008. Between May 2009 and September 2012, Collier submitted multiple requests or motions seeking documents related to his conviction and the order denying his 2007 petition. In August 2009, the court sent him a copy of the CCS. In September 2012, the court again sent him a copy of the order denying his 2007 petition.

In September 2014, Collier filed another *pro se* petition for post-conviction relief. He again requested representation and submitted an affidavit of indigence. Thereafter, in April 2015, Collier, by counsel, filed both a verified motion for leave to amend his petition for post-conviction relief and a verified motion for relief from the September 2007 order (that summarily denied his 2007 petition for post-conviction relief) pursuant to Indiana Trial Rule 60(B)(8) and Indiana Post-Conviction Rule 1 Section 2[1].

In his motion for relief from judgment, Collier argued that in his 2007 petition, he requested representation and included an affidavit of indigence. As such, Post-Conviction Rule 1(2) imposed a duty upon the post-conviction court to order a copy of the petition to be sent to the State Public Defender. He further argued that he was not timely notified of the court's summary denial of his petition and so he could not perfect a timely appeal. Finally, his counsel argued that it was her belief that Collier suffered from cognitive and/or mental deficiencies that impacted Collier's ability to represent himself[2], Collier has limited education and that review of the record reveals that there are issues that have merit.

The post-conviction court granted Collier's motion for relief from judgment before receiving a response from the State. The State then filed an objection and a motion to reconsider the order granting Collier's motion for relief from judgment. The State argued that Collier's motion for relief was not timely filed and was not supported by extraordinary circumstances. It further argued that Collier should have sought to file a successive petition for post-conviction relief instead.

---

[1] Indiana Post-Conviction Rule 1(2) provides in relevant part: "[i]f the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it shall order a copy of the petition sent to the Public Defender's office.

[2] There is no evidence in the record about a specific mental or cognitive diagnosis for Collier. All we have is his counsel's verified statement that it is her belief that Collier suffers from "cognitive and/or mental deficiencies." (App. at 233.) Nevertheless, we find that this may be a factor although our opinion is not contingent upon this being true, in light of evidence that Collier has only a 9th grade education.

3

The post-conviction court granted the State's motion to reconsider. After two hearings, the post-conviction court determined that it would reinstate Collier's 2007 petition for post-conviction relief. The court reasoned:

> I think I was the one who signed that order to summarily dismiss or deny the petition and I guess what my thinking is in fairness Mr. Collier ought to have a shot at retrying a P.C.R. with counsel but then I would anticipate the State possibly filing. . .filing to appeal that. . . I think it was a mistake for the [c]ourt not to appoint counsel and to summarily deny the P.C.R. . . .and so that is what the [c]ourt is deciding.

(Tr. 24-25.) Thus, the court granted Collier's "Petition to Reinstate." The State appealed and the Court of Appeals reversed the post-conviction court "conclud[ing] that Collier's motion was not filed within a reasonable time." State v. Collier, 2016 WL 1567245, No. 49A04-1508-PC-1036, slip op. *7, 10. (Ind. Ct. App. April 19, 2016). We now accept transfer and affirm the post-conviction court, thereby vacating the Court of Appeals opinion. Ind. App. Rule 58(A).

## Standard of Review

The decision of whether the grant a Trial Rule 60(B)(8) motion is left to the equitable discretion of the trial court, and is reviewable only for abuse of discretion. Gipson v. Gipson, 644 N.E.2d 876, 877 (Ind. 1994). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." McElfresh v. State, 51 N.E.3d 103, 107 (Ind. 2016) (internal quotations and citations omitted). The reviewing court does not reweigh the evidence. Gipson, 644 N.E.2d at 877.

## Discussion

At issue here is whether the post-conviction court abused its discretion in granting Collier's Trial Rule 60(B)(8) motion for relief from judgment. Trial Rule 60(B) provides in relevant part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;
(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

* * * * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

A motion for relief from judgment filed for reason (8) shall be filed within a reasonable time and must allege a meritorious claim or defense. Ind. Trial Rule 60(B). The passage of time alone is not enough to warrant the denial of a motion on the basis of timeliness. See Fairrow v. Fairrow, 559 N.E.2d 597 (Ind. 1990) (This Court granted relief eleven (11) years after the judgment due to the unusual circumstances of the case.) Determining what is a reasonable time period depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. Parham v. Parham, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006) (citations omitted). "Finality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter." State v. Huffman, 643 N.E.2d 899, 901 (Ind. 1994).

For the purposes of Rule 60(B), a meritorious claim or defense is "one that would lead to a different result if the case were tried on the merits." Butler v. State, 933 N.E.2d 33, 36 (Ind. Ct. App. 2010) (quoting Bunch v. Himm, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008)). Additionally, in order to be granted relief pursuant to Ind. Trial Rule 60(B)(8), the moving party must demonstrate some extraordinary or exceptional circumstances justifying equitable relief. Smith v. State, 38 N.E.3d 218, 221 (Ind. Ct. App. 2015); In re Adoption of T.L.W., 835 N.E.2d 598, 601 (Ind. Ct. App. 2005); WW Extended Care, Inc. v. Aetna Life Ins. Co., 755 N.E.2d 712, 719 (Ind.

5

Ct. App. 2001) (The moving party must show failure to act was not merely due to omission involving mistake, surprise, or excusable neglect, but due to some extraordinary circumstance.)

Thus, in order to be granted relief, Collier must show that: 1) he brought his claim within a reasonable time in light of the circumstances of the case; 2) extraordinary or exceptional circumstances justify that relief; and 3) he has alleged a meritorious claim or defense. Ind. Trial Rule 60(B); Parham, 855 N.E.2d at 728; Smith, 38 N.E.3d at 221-222.

Here, Collier's motion for relief from judgment was filed in 2015, seven and one half (7 ½) years after his 2007 petition for post-conviction relief was summarily denied. The record demonstrates that Collier wrote to the court asking about the status of his petition and request for counsel in 2008, over a year after his petition was denied, and thus, the court sent him a copy of the order at that time. He then requested and filed motions to obtain other documents related to his case, including requesting another copy of the order denying his 2007 petition which he received in 2012.

It is true that many years passed between 2008 when Collier presumably first received notice that his petition was summarily denied and 2015 when his motion for relief from judgment was filed. Collier, by counsel, explained this delay was due to Collier's lack of education and resources. Counsel also stated her belief that Collier suffered from cognitive or mental deficiencies. Indeed, an incarcerated man lacking education and potentially suffering from a cognitive or mental impairment could not reasonably be expected to know how to go about seeking relief from an adverse judgment without the assistance of counsel, even when he did request and receive copies of the judgment.

Collier requested counsel at the time he filed his 2007 petition. However, the court never referred his petition for post-conviction relief to the State Public Defender as required by Ind. Post-Conviction Rule 1(2), which provides that "[i]f the court finds the indigent petitioner is incarcerated in the Indiana Department of Correction, and has requested representation, it *shall* order a copy of the petition sent to the Public Defender's office. Ind. Post-Conviction Rule 1(2) (emphasis added). The record reflects that Collier persistently sought relief by requesting and filing motions to obtain documents, albeit misguidedly. However, it wasn't until Collier secured

a public defender that he could seek meaningful relief. Once he had counsel, he was able to file the appropriate motion requesting relief, and he did so. Under these circumstances, Collier's motion was filed in reasonable time. Additionally, the post-conviction court's failure to refer Collier's case to the State Public Defender is an error that cannot be attributed to Collier and one that justifies extraordinary relief.

As for the requirement that Collier allege a meritorious claim or defense, in his verified motion for leave to amend his petition for post-conviction relief, Collier alleges, among other things, ineffective assistance of counsel due to counsel's failure to appropriately advise Collier that he would be convicted of a felony, instead of a misdemeanor, and failure of counsel to argue for alternative misdemeanor sentencing. He further argues that the trial court accepted his guilty plea even though he denied guilt at the plea hearing in contravention of Indiana law. Collier previously presented similar but not identical, claims in his *pro se* petitions; however, with the assistance of counsel, Collier presented more cogent arguments to the court. Thus, it is quite possible that Collier would be granted relief if his claims are heard on the merits. More fundamentally though, if his motion for relief from judgment is granted, the result for Collier is certainly different – he would have an opportunity to present his claim with the assistance of counsel and have it decided on the merits instead of having it summarily dismissed.

In sum, the post-conviction court was well aware of the time delay between the denial of Collier's 2007 petition and his 2015 motion for relief from judgment. It also heard from both parties during two hearings wherein Collier presented evidence regarding his reasons for the delay and the State presented its argument that it was prejudiced by the delay. Nevertheless, the post-conviction court ultimately decided that, in light of the court's own error in not referring Collier's petition to the State Public Defender in 2007, he should be allowed to have his case heard on the merits with the assistance of counsel. This result is consistent with the facts and circumstances of this case and with this Court's interest in ensuring fairness, first and foremost. See Huffman, 643 N.E.2d at 901. It cannot be said that the court's correction of its own error, which was compounded by Collier's lack of education and potentially his cognitive and/or mental difficulties, is against the "logic and effect of the facts and circumstances before [it]." McElfresh, 51 N.E.3d at 107.

7

## Conclusion

Because Collier's petition for post-conviction relief was not referred to the State Public Defender as required by the Post-Conviction Rules, and in light of Collier's lack of education and potential cognitive and/or mental deficiencies, the post-conviction court did not err in granting Collier's Trial Rule 60(B)(8) motion for relief from judgment so that he could seek meaningful post-conviction review. Collier sufficiently demonstrated that he filed his motion for relief within a reasonable time considering the circumstances and that he is entitled to extraordinary relief. He also alleged a meritorious claim because, in any case, the result of his post-conviction petition will now be different than a summary dismissal. Accordingly, the post-conviction court did not abuse its discretion and we affirm its judgment.

Rush, C.J., Rucker, Massa and Slaughter, J.J., concur.