## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 27 2017, 10:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Timothy Bennington<br>Carlisle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Bennington,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | September 27, 2017<br><br>Court of Appeals Case No.<br>55A01-1703-PC-708<br><br>Appeal from the<br>Morgan Superior Court<br><br>The Honorable<br>Brian H. Williams, Judge<br><br>Trial Court Cause No.<br>55D02-0810-PC-423 |

**Kirsch, Judge.**

[1] Timothy Bennington ("Bennington"), pro se, appeals following the post-conviction court's denial of his motion for relief from judgment under Indiana

Trial Rule 60(B). On appeal, Bennington raises the following restated issue: whether the post-conviction court abused its discretion when it did not hold a hearing in 2010 prior to dismissing Bennington's petition for post-conviction relief.

[2] We affirm.

## Facts and Procedural History

[3] On March 16, 2007, Bennington pleaded guilty to Class A felony voluntary manslaughter with a deadly weapon for the act of stabbing his father-in-law forty-five times with a knife in the presence of Bennington's wife, son, and daughter. *Bennington v. State*, No. 55A05-0707-CR-364, 2008 WL 2042802 at *1 (Ind. Ct. App. May 14, 2008). On June 1, 2007, the trial court sentenced Bennington to fifty years in prison. *Id*. On direct appeal, he challenged his sentence, which this court affirmed by unpublished decision. *Id*. at *3.

[4] On October 2, 2008, Bennington, pro se, filed a petition for post-conviction relief ("P-CR") and, thereafter, obtained appointed counsel.[1] Two years later, on October 26, 2010, the P-CR court issued a notice of withdrawal ("the Notice"), informing the parties that the public defender had withdrawn from

---

[1] Bennington's P-CR petition alleged the following grounds for relief: (1) Bennington's plea was given no consideration during sentencing; (2) Bennington's attorney provided ineffective assistance of counsel by advising Bennington that if he pleaded guilty, he would not get the maximum sentence; (3) the trial court abused its discretion by not recognizing mitigating factors; (4) the trial court abused its discretion by excluding medical records regarding prescribed medications; and (5) the trial judge abused his discretion when he did not recuse himself, even though he knew the victim.

the case in accordance with Post-Conviction Rule 1, Section 9(C).[2] *Appellant's App. Vol. II* at 11. The Notice ordered Bennington to respond to the P-CR court within thirty days regarding whether he planned to dismiss the P-CR petition without prejudice or to proceed without counsel. In its December 6, 2010 order of dismissal ("Dismissal Order"), the P-CR court explained, "As of 12-6-2010, [Bennington] has failed to respond to the Court's Notice, and has failed to elect whether to dismiss the petition, or proceed in forma pauperis." *Id*. at 12. The P-CR court also said, "Any future request by [Bennington] for a second or successive Petition for Post-Conviction Relief must comply with the requirements of Rule P.C. 1, Section 12 (Successive Petitions)."[3] *Id*.

[5] Six and a half years later, on March 6, 2017, Bennington filed a Motion for Relief from Judgment pursuant to Trial Rule 60(B), alleging that the P-CR court erred by dismissing his 2010 P-CR petition without first holding a hearing

---

[2] We note that there is no copy of appointed counsel's "Withdrawal of Appearance" in the record before us. Post-Conviction Rule 1, Section 9(C), provides:

(c) Counsel shall confer with petitioner and ascertain all grounds for relief under this rule, amending the petition if necessary to include any grounds not included by petitioner in the original petition. *In the event that counsel determines the proceeding is not meritorious or in the interests of justice, before or after an evidentiary hearing is held, counsel shall file with the court counsel's withdrawal of appearance*, accompanied by counsel's certification that 1) the petitioner has been consulted regarding grounds for relief in his pro se petition and any other possible grounds and 2) appropriate investigation, including but not limited to review of the guilty plea or trial and sentencing records, has been conducted. Petitioner shall be provided personally with an explanation of the reasons for withdrawal. Petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws.

(Emphasis added).

[3] While the P-CR court did not say whether the dismissal was with or without prejudice, the latter seems more likely in light of the fact that the court required any future post-conviction relief to comply with the requirements of a successive petition.

pursuant to Trial Rule 41(E). *Id*. at 13-15. On March 7, 2017, the P-CR court denied Bennington's motion, explaining: "[Bennington] did not timely present this claim at the time his case was disposed [sic]. [Bennington] cites caselaw established years after his case was disposed of, and [Bennington] did not timely appeal or otherwise contest the Court's action at the time." *Id*. at 16. Bennington now appeals.

## Discussion and Decision

[6] Bennington contends that the P-CR court erred in 2010 by summarily dismissing his P-CR petition. *Appellant's Br*. at 4. Specifically, he challenges the P-CR court's failure to comply with Indiana Trial Rule 41(E)'s requirement that a hearing be held prior to dismissal.[4] *Appellant's Br*. at 7-8. Bennington, however, makes no claim that the P-CR court abused its discretion in 2017 when it denied his Trial Rule 60(B) motion for relief from judgment. The propriety of the 2017 order is the only matter available for appeal, and accordingly, we address that issue.

---

[4] Indiana Trial Rule 41(E) provides:

(E) Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

[7]     The decision of whether to grant a motion under Trial Rule 60(B) is left to the equitable discretion of the trial court and is reviewable only for abuse of discretion. *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016). "'An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016)). The reviewing court does not reweigh the evidence. *Id.*

[8]     Our court has consistently held that Trial Rule 60(B) cannot be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *State v. Mooney*, 51 N.E.3d 281, 284 (Ind. Ct. App. 2016); *J.A. v. State*, 904 N.E.2d 250, 254 (Ind. Ct. App. 2009), *trans. denied*.

> The general rule is that one must appeal a judgment within the time allowed and not sit idly by, letting the time to appeal expire, and thereafter filing a Rule 60(B) motion in an attempt to revive his remedy of appeal. . . Relief is only properly provided under Rule 60(B) after a failure to perfect an appeal when there is some *additional fact* present justifying extraordinary relief which allows a trial court to invoke its equitable powers to do justice. The additional factors available for providing relief are those found in subsections (1) through (8).

William F. Harvey, 4 Ind. Prac. 222 (3d ed. 2003) (emphasis in original). "In other words, Rule 60(B) does not provide for an end-run around the usual appellate process." *See, e.g., Vazquez v. Dulios*, 505 N.E.2d 152, 154 (Ind. Ct. App. 1987).

[9] Here, in support of his Rule 60(B) motion, Bennington cited to the P-CR court's failure to hold a hearing prior to the 2010 dismissal of his P-CR petition. That evidence was well known to Bennington within thirty days after the entry of the 2010 Dismissal Order. As such, if Bennington had a problem with the Dismissal Order, in part or in whole, he could have and should have appealed that order. He did not. Thus, Rule 60(B) was not a procedural path available to Bennington on this record. On March 17, 2017, the P-CR court denied Bennington's motion for relief from judgment under Rule 60(B), explaining, "[Bennington] did not timely present this claim at the time his case was disposed [sic]. [Bennington] cites caselaw established years after his case was disposed of, and [Bennington] did not timely appeal or otherwise contest the Court's action at the time." *Id*. at 16. The P-CR court did not abuse its discretion when it denied Bennington's motion for relief under Rule 60(B).

[10] Affirmed.

[11] Najam, J., and Brown, J., concur.