

I N   T H E

# Court of Appeals of Indiana



FILED

Jun 26 2025, 9:14 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

Paul Oliver,

*Appellant-Plaintiff/Cross-Appellee*

v.

FLH Mill, LLC and Jeremy Ferree,

*Appellees-Defendants/Cross-Appellants*

---

June 26, 2025

Court of Appeals Case No.
24A-CT-938

Appeal from the Greene Superior Court

The Honorable Robert R. Cline, Special Judge

Trial Court Cause No.
28D01-1908-CT-8

---

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Scheele concur.

**Mathias, Judge.**

[1] Paul Oliver appeals the trial court's order partially setting aside a default judgment Oliver had obtained against Jeremy Ferree and FLH Mill, LLC. Oliver also appeals the trial court's related denial of his motion to garnish Jeremy's wages. Jeremy and FLH cross-appeal the trial court's partial set-aside of the default judgment.

[2] Between them, the parties raise three issues for our review, which we consolidate and restate as the following two issues:

> 1. Whether the trial court erred when it set aside part of the default judgment.
>
> 2. Whether the trial court erred when it denied Oliver's motion for garnishment and ordered Jeremy to pay $100 weekly toward the revised judgment amount.

[3] We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History[1]

[4] This is the second time this case has come before our Court. As we explained in the first appeal:

---

[1] We held oral argument in this case on June 3, 2025, in the Circuit Court courtroom of the historic Allen County Courthouse. We thank the Allen Circuit Court and its staff as well as the Allen County Bar Association for their kind hospitality. We also thank counsel for the quality of their written and oral advocacy.

Oliver entered into a contract with Jeremy to build a log home in Linton for $323,900. The contract lists the "Builder" as "Jeremy Ferree (FLH Mill LLC)." Oliver and Jeremy signed the contract, which reflects the word "Builder" next to Jeremy's signature but contains no explicit reference to FLH in the signature section. Crystal [Ferree]'s name does not appear on the contract and the record contains no indication that she was involved in FLH's operations.

Oliver eventually filed suit against Jeremy, FLH, and Crystal, alleging breach of contract and home improvement fraud. The complaint asserted Oliver had paid $313,681 of the $323,000 contract price to the defendants, who allegedly used the funds for other purposes and did not complete his log home. Oliver served the company and summons on Jeremy as agent for FLH by leaving the documents with another person at the business's address. Oliver served Crystal and Jeremy individually by leaving copies of the complaint and summons for each with the owner of a campground in Linton at which the Ferrees purportedly were staying.

Jeremy, pro se on his own behalf and also on behalf of FLH, timely answered the complaint and denied Oliver's claims. Crystal failed to answer the complaint, prompting Oliver to move for default judgment against her. The trial court granted Oliver's motion and entered default judgment against Crystal on the day the motion was filed.

Two months later, Oliver moved to set aside the default judgment against Crystal only as to the count of home improvement fraud. In the same motion, Oliver sought permission to amend the complaint to allege conversion, instead of home improvement fraud, as to Jeremy and FLH. The trial court granted that motion, dismissing the default judgment against [Crystal] only as to the home improvement count and otherwise reaffirming that default judgment. The trial court also

authorized Oliver's proposed amendment of the complaint as to Jeremy and FLH. Oliver filed his amended complaint November 14, 2019. Jeremy and FLH failed to answer the amended complaint, prompting Oliver to seek default judgment against them. Jeremy and FLH failed to appear at the hearing on that motion. The trial court entered default judgment against Jeremy and FLH for $414,120.80.

Two months later Jeremy, FLH, and Crystal filed a combined motion to set aside all of the default judgments under Ind. Trial Rule 60(B) based on excusable neglect. At the hearing on their motion, the three defendants alleged Crystal had not been served with the complaint and that Jeremy and FLH did not understand they needed to file an answer to the amended complaint. The trial court granted the Trial Rule 60(B) motion as to all three defendants without specifying its reasons.

*Oliver v. FLH Mill, LLC*, No. 20A-CT-1798, 2021 WL 1182906, at *1-2 (Ind. Ct. App. Mar. 30, 2021) (mem.) (footnote and citations to the record omitted) ("*Oliver I*").

[5] Oliver appealed the trial court's decision to set aside the default judgment. On appeal, we affirmed the trial court's decision as to Crystal on the ground that Oliver had not properly served Crystal with his summons and complaint. *Id.* at *3-4. Oliver then later perfected service against Crystal only to eventually dismiss his claims against her. However, on counter-claims Crystal had brought against Oliver, the trial court found for Crystal and against Oliver following a bench trial.

[6] With respect to Jeremy and FLH, we held as follows in *Oliver I*:

Counsel for Jeremy and FLH alleged in the 60(B) motion and at the related hearing that the two parties did not understand the need to file an answer to the amended complaint. According to counsel, Jeremy and FLH believed their answer to the original complaint would suffice. But neither Jeremy nor FLH backed up these claims with affidavits or witness testimony. That left the trial court with no admissible evidence excusing the failure of Jeremy and FLH to answer the amended complaint.

In addition, neither Jeremy nor FLH presented evidence of any meritorious defense, as is required for Trial Rule 60(B) relief under these circumstances. Jeremy's counsel merely asserted, without any supporting evidence, that FLH was the contracting party, and Jeremy was not personally liable for FLH's misconduct or obligations. Neither party presented a viable defense against Oliver's accusation of conversion.

Finally, Jeremy and FLH never explained, either in their Trial Rule 60(B) motion or at the hearing, why they failed to appear at the hearing on Oliver's motion for default judgment. They never alleged a lack of service. If they had appeared at that hearing, they might have avoided default judgment, eliminating the need for their Trial Rule 60(B) motion. Although judgment on the merits is preferred, a default judgment plays an important role in the maintenance of an orderly, efficient judicial system. A default judgment, both generally and as used here, is a weapon for enforcing compliance with the rules of procedure and for facilitating speedy determinations of disputes.

*Id.* at \*4-5 (citations omitted). Accordingly, we concluded that the trial court abused its discretion when it set aside the default judgment against Jeremy and FLH. *Id.* at \*5.

[7] Six days after we handed down our opinion in *Oliver I*, Jeremy and FLH jointly filed in the trial court an amended motion to set aside the default judgment against them. As they had originally, Jeremy and FLH sought relief from the default judgment under Trial Rules 60(B)(1) and 60(B)(8). Attached to their amended motion, they included admissions and answers to interrogatories that they believed established an evidentiary foundation for their again-requested relief.

[8] However, following certification of our opinion, the trial court entered an order reinstating the default judgment against Jeremy and FLH. In August 2021, the trial court also denied Jeremy and FLH's amended motion to set aside the (reinstated) default judgment. Jeremy and FLH did not appeal that decision. That same month, Oliver initiated proceedings supplemental against Jeremy and FLH.

[9] Jeremy pursued bankruptcy and obtained a stay of the trial court's proceedings. However, the bankruptcy court denied Jeremy's request to be discharged from his liabilities after concluding that he had failed to satisfactorily explain a deficiency of assets to meet his liabilities. *See* 11 U.S.C. § 727(a)(5). Thus, in April 2023, Oliver resumed his attempts to collect the default judgment in the trial court. At an ensuing hearing, Jeremy appeared and informed the court that he was unemployed and seeking employment. The court informed the parties that, upon his obtaining employment or other work, Jeremy would be eligible for a garnishment order.

[10] By November 2023, Jeremy had obtained employment with an average weekly gross income of $1,200, and he agreed to a payment plan against the default judgment of $50 per week. *See* Ex. Vol. 3, p. 121. However, about two months later, Oliver caused Jeremy's financial accounts to be frozen for ninety days. *See* Tr. Vol. 2, p. 63. Because his accounts were frozen, Jeremy was unable to continue making his weekly payments against the default judgment. *Id.*

[11] Soon thereafter, in February 2024, Jeremy and FLH filed a third motion to set aside the default judgment. The first eight paragraphs of their third motion largely reiterated their second motion to set aside the default judgment under Trial Rules 60(B)(1) and 60(B)(8). Indeed, those paragraphs continued to refer to the original date of the default judgment rather than the date of the reinstated judgment following *Oliver I*. The last two paragraphs of the third motion to set aside the default judgment requested, in the "alternative," that the court leave intact the default judgment as it related to Oliver's claim for breach of contract but set aside the default judgment as to Oliver's claim of criminal conversion and treble damages. Appellant's App. Vol. 3, p. 3. In those two paragraphs, Jeremy and FLH asserted that setting aside the default judgment was appropriate because "[n]o evidence has ever been presented" by Oliver "to support" his claim of criminal conversion. *Id.*

[12] Oliver then requested a garnishment order against Jeremy's wages due to Jeremy's alleged noncompliance with the weekly payment plan. The court held a hearing on that request and the third motion to set aside the default judgment. At that hearing, Oliver introduced into evidence, without objection, proof that

Jeremy was earning $1,200 weekly from his employment. And Jeremy's response to questions under Indiana's garnishment statute, Indiana Code section 24-4.5-5-105, concerning details of his disposable earnings, his assets, and any applicable exemptions was to assert his Fifth Amendment right against self-incrimination.[2]

[13] Following that hearing, the trial court partially granted the third motion to set aside the default judgment. In particular, the court set aside the default judgment as to Oliver's allegation of criminal conversion but left in place the default judgment as to his claim for breach of contract. As a result, the amount owed by Jeremy and FLH to Oliver was reduced from about $420,000 to about $137,000. The court then reinstated Jeremy's $50-per-week payment plan to be applied to the revised judgment amount. Tr. Vol. 2, p. 64. The court later increased Jeremy's payment obligation to $100 per week. Appellant's App. Vol. 2, p. 59.

[14] This appeal ensued.

---

[2] Based on the answers to interrogatories to garnishee-defendant J.P. Morgan Bank, Oliver chose to dismiss garnishment proceedings against that bank, and, because of the nature of the deposits into Jeremy's personal Green Dot bank account, the trial court refused garnishment of that account, which Oliver does not challenge on appeal.

## 1. The trial court erred when it set aside the criminal conversion portion of the default judgment.

On appeal, Oliver first argues that the trial court erred when it set aside the default judgment as to his claim for criminal conversion. Jeremy and FLH argue that the trial court erred when it did not set aside the entire default judgment. We agree with Oliver.

We generally review a trial court's decision under Indiana Trial Rule 60(B) for an abuse of the trial court's discretion. *See, e.g.*, *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* An abuse of discretion also occurs if the trial court's judgment is contrary to law. *E.g.*, *Ayers v. Stowers*, 200 N.E.3d 480, 484 (Ind. Ct. App. 2022). We do not reweigh the evidence on appeal. *Collier*, 61 N.E.3d at 268.

The trial court concluded that Jeremy and FLH were entitled to have the default judgment as to the criminal conversion count set aside under Indiana Trial Rule 60(B)(8). Rule 60(B)(8) permits the trial court to set aside a default judgment for any reason justifying relief that is not otherwise provided for in Rule 60(B). The moving party must establish that it has a meritorious defense to the plaintiff's claims. Ind. Trial Rule 60(B). The trial court thus concluded here that the evidence attached to the third motion to set aside the default judgment by Jeremy and FLH "amount[ed] to a meritorious defense." Appellant's App. Vol. 2, pp. 82-83.

[18] However, our case law prohibits subsequent Trial Rule 60(B) motions "when the defaulted party fail[s] to show that the issues brought in the subsequent 60(B) motions *were unavailable or unknown at the time of the first motion.*" *Magnuson v. Blickenstaff*, 508 N.E.2d 814, 816-17 (Ind. Ct. App. 1987) (emphasis added). That is, if the grounds alleged in a subsequent motion "were *discoverable* at the time of the [prior] Rule 60(B) motion," the subsequent motion is prohibited. *Id.* at 817 (discussing *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332 (Ind. 1983)) (emphasis added). Thus, to avoid the general prohibition against subsequent Rule 60(B) motions, the moving party must show that it was "unaware or had no opportunity to become aware" of the facts alleged in the subsequent motion at the time of the first motion. *Id.* at 816-17 (discussing *Carvey v. Ind. Nat'l Bank*, 176 Ind. App. 152, 159, 374 N.E.2d 1173, 1177 (1978)).

[19] The third motion to set aside the default judgment did not meet that standard. The evidence attached to the third motion consisted only of evidence also attached to the second motion or photographs from one year before Oliver had filed his November 2019 amended complaint, which photographs allegedly showed at least substantial compliance with the contract to build the log home. Obviously, evidence that had been attached to a prior Rule 60(B) motion was not unavailable or unknown at the time of the prior motion; thus, that evidence is not sufficient to support a subsequent motion. *See id.* Further, Jeremy and FLH provide no persuasive argument here that, at the time of their prior Rule 60(B) motions, they were unaware or had no opportunity to become aware of

the condition of the home they had built. Thus, there is nothing in the third motion to set aside the default judgment that established legally sufficient grounds to support setting aside the default judgment either in whole or in part. *See id.*

[20] The trial court alternatively concluded that setting aside the default judgment as to the count of criminal conversion was appropriate under Indiana Trial Rule 9(G). That Rule requires a complaint to state "special damage[s]" with specificity. T.R. 9(G). The Rule further states that, where there is no answer to a complaint, the relief to the plaintiff "cannot exceed the relief demanded in his complaint." *Id.*

[21] Trial Rule 9(G) is not a basis to set aside a default judgment. *See* T.R. 55(C). And, regardless, Oliver's amended complaint specifically identified $137,276.60 as actual damages for breach of contract under count one and specifically alleged that he was entitled to treble damages under Indiana Code section 34-24-3-1 for alleged criminal conversion by Jeremy and FLH under count two. Further, the default judgment Oliver received on both counts was a total judgment of $414,120.80, which included $2,100 in attorney's fees and $191 in costs. Appellant's App. Vol. 2, pp. 111-12. That amount does not exceed the relief demanded in the complaint. Accordingly, the trial court erred when it relied on Trial Rule 9(G) to set aside the default judgment as to the criminal conversion count.

The trial court has made clear in the record that it believes setting aside the default judgment is appropriate under these facts and circumstances. We are not indifferent to the trial court's assessment of the facts and circumstances before it or to the court's equitable discretion under Trial Rule 60(B). But repeated lack of conformity with the Indiana Trial Rules and with Indiana precedent discussing how to apply those Rules by Jeremy and FLH is not irrelevant. Our Trial Rules and case law establish the process and standards under which a default judgment may be set aside, especially with respect to subsequent motions for relief under Rule 60(B). As we concluded in *Oliver I* and as we reiterate again today, Jeremy and FLH have failed to satisfy those standards, and the trial court's decision to set aside part of the default judgment on a third motion to do so was contrary to law.

Although the trial court properly denied the third motion to set aside the default judgment as to the breach of contract claim, the trial court erred in setting aside the default judgment as to Oliver's claim for criminal conversion. We therefore reverse the trial court's judgment and remand with instructions for the court to reinstate Oliver's default judgment on that claim.

## 2. The trial court acted within its discretion when it denied Oliver's request to garnish Jeremy's wages and accounts, but the court erred when it ordered Jeremy to pay only $100 weekly against the revised judgment amount.

We thus turn to Oliver's argument on appeal that the trial court abused its discretion when it denied his request to garnish Jeremy's wages. Again, we will

reverse the trial court's exercise of its discretion only if it is against the logic and effect of the facts and circumstances or if it is contrary to law. *See, e.g., Collier*, 61 N.E.3d at 268.

[25] Jeremy testified that the only reason he had stopped paying the $50 per week was because Oliver had caused Jeremy's financial accounts to be frozen. *See* Tr. Vol. 2, p. 63. It was on the basis of Jeremy's ceased weekly payments that Oliver sought to garnish Jeremy's wages and his financial accounts. The trial court concluded that Oliver's request to garnish Jeremy's wages and accounts was inappropriate because Oliver had created the condition that made Jeremy unable to comply with the weekly payment plan.

[26] The trial court's denial of Oliver's request to garnish Jeremy's wages and accounts was within the facts and circumstances before the court. The court therefore did not abuse its discretion when it denied Oliver's request.

[27] However, we do not approve of the trial court's order that Jeremy pay $100 per week against Oliver's judgment, which the court ordered to be applied to the reduced judgment amount of about $137,000. For the reasons explained in part 1, *supra*, the original judgment amount of approximately $420,000 is to be reinstated. Further, the evidence demonstrates that Jeremy earns $1,200 weekly, and a payment of $100 per week against an approximately $420,000 judgment amount at an 8% interest rate does not meaningfully contribute toward satisfaction of that judgment. Indeed, interest alone on the judgment is approximately $2,800 per month.

[28] We are mindful of the garnishment limitations set forth in Indiana Code section 24-4.5-5-105, but the $100 per week payment plan amount is not supported by the evidence. We therefore reverse the trial court's payment plan and remand with instructions for the court either to enter a payment plan that has the consent of both parties or to direct Jeremy to make weekly payments within the range of 10% to 25% of Jeremy's disposable earnings as set forth in Indiana Code section 24-4.5-5-105(2), up to the maximum of 60% of Jeremy's disposable earnings under section 24-4.5-5-105(3). Finally, we note that Jeremy's circumstances are likely to change from time to time. Oliver is entitled to further hearings in proceedings supplemental at reasonable intervals, but not less than every 90 days, unless evidence is brought to the trial court's attention that merits an immediate hearing.

## Conclusion

[29] For all of these reasons, we affirm the trial court's denial of Oliver's request to garnish Jeremy's wages and accounts, but we reverse the trial court's order to set aside the default judgment as to the criminal conversion count as well as the trial court's order for Jeremy to pay $100 per week toward the judgment amount. We thus remand with instructions for the trial court to reinstate the full judgment and to order Jeremy to pay a reasonable periodic amount toward the judgment that is supported by the evidence and Indiana Code section 24-4.5-5-105.

[30] Affirmed in part, reversed in part, and remanded with instructions.

Altice, C.J., and Scheele, J., concur.

ATTORNEYS FOR APPELLANT/CROSS-APPELLEE

Adam R. Doerr
Kevin D. Koons
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

Lucas J. Rowe
The Rowe Law Firm, LLC
Sullivan, Indiana


ATTORNEY FOR APPELLEES/CROSS-APPELLANTS

Scott E. Racop
Racop Law Offices, P.C.
Terre Haute, Indiana