**Gloria VAZQUEZ, Appellant
(Plaintiff Below),**

v.

**Joan DULIOS and Royal International
Tours and Travel, Appellees
(Defendants Below).**

**No. 45A03–8607–CV–00191.**

Court of Appeals of Indiana,
Third District.

March 24, 1987.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, for appellant.

Robert A. Pete, Gastevich, Pete, Sufana & Willardo, Crown Point, for appellees.

STATON, Judge.

Gloria Vazquez appeals the trial court's granting of defendants' motion for relief from judgment. While reversal would be appropriate on several grounds, we consider only the following issues:

1. Did the trial court abuse its discretion by granting defendants' Motion for Relief from Judgment, where the motion was based solely on issues which had been raised in defendants' Motion to Correct Errors?

2. Is Vazquez entitled to appellate attorney's fees?

We reverse.

The plaintiff, Gloria Vazquez, was employed by the defendant, Joan Dulios, in Dulios's travel agency (and co-defendant), Royal International Tours and Travel. Vazquez filed suit in Lake Circuit Court to recover wages she asserted were owed to her by the defendants. Notice of the trial date was sent by the court to all parties of record through their counsel. Dulios was sent two notices of the trial date by her counsel.

Trial was held on August 13, 1985. Vazquez was present and was represented by counsel. Dulios was not present but she and Royal International Tours and Travel were represented by Robert A. Pete, of Crown Point's Gastevich, Pete, and Sufana. Witnesses were sworn and testimony was taken. The court rendered judgment in favor of Vazquez for $6,782.49 in back wages and attorney's fees.

Defendants filed what was termed a Motion to Correct Errors and Motion for Relief from Judgment.[1] The motion in part argued that defendants had been surprised by the trial date and that Dulios had been out of town. The Motion to Correct Errors characterized the judgment as a default judgment, even though the trial was on the merits and the defendants were represented by counsel.

The court denied defendants' Motion to Correct Errors. Defendants did not, however, perfect an appeal.

Dulios then filed a motion under Indiana Rules of Trial Procedure, Trial Rule 60(B), for relief from judgment. This motion was based solely on the issue of "surprise" (i.e., that the defendants were unaware of the trial date), which was a matter known in time to have been included in a timely Motion to Correct Errors, and, in fact, *was* included in defendants' Motion to Correct Errors. Nevertheless, the trial court granted defendants' Motion for Relief from

Judgment. Vazquez appeals. Defendants cross-appeal, challenging the original judgment in favor of Vazquez.

## I.

### *Motion for Relief from Judgment*

■ The granting of a T.R. 60 Motion for Relief from Judgment is reviewable only for an abuse of discretion, since such motion is addressed to the equitable discretion of the court. *In re Marriage of Jones* (1979), 180 Ind.App. 496, 389 N.E.2d 338, 340–41. However, it is firmly established in Indiana that a Motion for Relief from Judgment under T.R. 60(B) may not be used as a substitute for a direct appeal based on a timely Motion to Correct Errors under T.R. 59. *St. Catherine's Hosp. v. Bergner* (1986), Ind.App., 493 N.E.2d 1321, 1322–23; *Snider v. Gaddis* (1980), Ind. App., 413 N.E.2d 322, 324, *trans. denied;* 4 W. Harvey & R. Townsend, Indiana Practice § 60.23(5)(d) at 222 (1971). In *Snider*, Judge Ratliff explained:

[I]t seems clear that any matter which was known to or discoverable by a party within the period when a timely motion to correct errors could have been filed must be raised in a motion to correct errors under T.R. 59 and made the subject of a proper and timely appeal if appellate review is to be had. Any such issue which was raised by, or could have been raised by a timely motion to correct errors and a timely direct appeal may not be the subject of a motion for relief from judgment under T.R. 60 [footnote omitted].

413 N.E.2d at 326.

■ The defendants attempt to distinguish *Snider* by pointing out that no Motion to Correct Errors was filed in that case. The fact determinative in *Snider* was not that no motion to correct errors had been filed, but rather that the claim of error was predicated on matters which were known within the time required to file a motion to correct errors. Therefore, there was no showing of exceptional cir-

---

**1.** The trial court treated the motion as a Motion to Correct Errors, as will we for purposes of this appeal.

cumstances which would have justified extraordinary relief.[2] *Snider*, 413 N.E.2d at 327.

*Snider*'s rationale applies here. The matters raised in defendants' Motion for Relief from Judgment were known, and were raised, within the time required to file a Motion to Correct Errors. The defendants showed no exceptional circumstances to justify extraordinary relief. Thus, the trial court abused its discretion in granting the defendants' Motion for Relief from Judgment.

The defendants' cross-appeal does not merit extended treatment. The defendants failed to perfect an appeal after their Motion to Correct Errors was denied. To consider their cross-appeal, which challenges the original judgment in favor of Vazquez, would be equivalent to allowing the defendants' T.R. 60(B) motion, which was not properly before the trial court, to revive an expired attempt to appeal. As we have explained, a T.R. 60(B) motion may not be used in such a way. The defendants' cross-appeal is dismissed.[3]

## II.

### Appellate Attorney Fees

■ Vazquez requests appellate attorney's fees.[4] She bases this request on Indiana Code 22-2-5-2, which provides:

Every such person, firm, corporation, or association who shall fail to make payment of wages to any such employee as provided in section 1 [22-2-5-1] of this chapter *shall*, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court *shall* tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys. [Acts 1933, ch. 47 § 2, p. 371; P.L. 144-1986, § 8.]

(Emphasis added.)

I.C. 22-2-5-2 does not address, at least expressly, whether "a reasonable fee for the plaintiff's attorney or attorneys" includes appellate fees. Our First District recently considered this question in *Baesler's Super-Valu v. Indiana Com'r of Labor ex rel. Bender* (1986), Ind.App., 500 N.E.2d 243. In *Bender*, the First District upheld the trial court's finding that the defendant had wrongfully withheld wages from the plaintiff. Thus, the penalty provision in I.C. 22-2-5-2 was activated without any further showing. 500 N.E.2d at 249. Judge Robertson observed that, "[w]hile it is well settled that one is entitled to attorney's fees when provided for by statute, *Templeton v. Sam Klain & Son, Inc.*, (1981) Ind., 425 N.E.2d 89, 91, the preferred procedure for requesting appellate fees is to timely file a petition for allowance of attorney's fees with the trial court after appellate proceedings have been initiated." *Bender*, 500 N.E.2d at 249. The implication from *Bender* is clear that the "reasonable attorney's fees" language in I.C. 22-2-5-2 should be read to include appellate fees.

This conclusion is supported by the Indiana Supreme Court's opinion in *Templeton v. Sam Klain & Son, Inc.* (1981), Ind., 425 N.E.2d 89. In *Templeton*, a supplier brought suit to foreclose on a mechanic's lien against the owner of real estate.

---

2. The defendants also argue that the assertions made in their Motion for Relief from Judgment differ from those made in their Motion to Correct Errors. Even if we agreed with defendants on this point, which we do not, the defendants fail to show that any of the problems mentioned in the Motion for Relief from Judgment were unknown within the time required to file a Motion to Correct Errors.

3. Considered on the merits, defendants' cross-appeal would still fail. Defendants challenge several of the trial court's factual findings regarding the wage dispute. The cross-appeal is, thus, an invitation for us to reweigh the evidence, which we may not do.

4. The defendants' brief is silent on this point.

The supplier sued under I.C. 32–8–3–14, which provided for the recovery of reasonable attorney's fees. In deciding that reasonable attorney's fees included appellate fees, the court reasoned as follows:

> A reasonable fee for the prosecution of the claim and foreclosure of the lien alone would not be a reasonable fee for these services plus the defense of the judgment on appeal.

*Templeton,* 425 N.E.2d at 95 (footnote omitted). The *Templeton* court thus granted plaintiff's request for appellate attorney's fees, since the plaintiff had previously filed a petition for fees with the trial court. *Id.*

Having determined that appellate attorney's fees are available under I.C. 22–2–5–2, we turn to the question of how a party may attempt to recover them. The *Templeton* court summarized the procedure as follows:

> *Klain* petitioned the trial court for an allowance of attorney's fees for the appeal, which petition was granted subsequent to the filing of the record on appeal but prior to filing of appellant's brief. This award was prematurely made. Although the filing of the petition was timely, it should have been held in abeyance until the appeal had been concluded. At that time the trial court will be in a position to hear evidence and determine a proper fee.

425 N.E.2d at 95 (the court nevertheless affirmed the award of appellate fees, finding that the defendant had waived the issue of the reasonableness of the award).

In the present case, Vazquez filed for, and received, attorney's fees for the initial stage of this dispute. As "reasonable attorney's fees" under I.C. 22–2–5–2 includes appellate fees, we must remand for a hearing where Vazquez can present evidence regarding the amount, and the reasonableness, of appellate attorney's fees.

For the above reasons, we reverse and remand this cause. The trial court is ordered to vacate the judgments in favor of Dulios and Royal International Tours and Travel. It is further ordered to reinstate the original judgment in favor of Vazquez and to hold a hearing regarding appellate attorney's fees. Defendants' cross-appeal is dismissed.

Judgment reversed and remanded.

RATLIFF, C.J., and GARRARD, P.J., concur.