ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Liisi Brien
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Daniel Jason Kopp
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S04-0502-PC-57

WILLIAM LACEY,

*Appellant (Petitioner below)*,

v.

STATE OF INDIANA,

*Appellee (Respondent below)*.

Appeal from the Marion County Superior Court, No. 49G04-9710-CF-135067
The Honorable Nancy Broyles, Master Commissioner
The Honorable Patricia J. Gifford, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-0406-PC-317

**June 23, 2005**

**Sullivan, Justice.**

Petitioner William Lacey was convicted in March, 1998, of the robbery of a Kroger grocery store and carrying a handgun without a license. The parties agree that the evidence at trial indicated that the man who robbed the store wore a baseball hat and that the police found the hat on the ground outside the store following the robbery. In June, 1999, Lacey filed a pro se petition for post-conviction relief. In August, now represented by counsel, Lacey asked the court for

permission to perform a DNA test on the hat. Following a hearing, the post-conviction court denied the request. Lacey then sought to take an interlocutory appeal of this determination, but that request was also denied. At this point, Lacey (by counsel) amended his pro se petition for post-conviction relief to add a claim that the post-conviction court had improperly denied his motion for DNA testing. The post-conviction court subsequently denied the petition (including the DNA testing claim) and the Court of Appeals affirmed. Lacey v. State, No. 49A04-0406-PC-317, 819 N.E.2d 910 (Ind. Ct. App. 2004) (mem.). Lacey sought, and we granted, transfer. No. 49S04-0502-PC-57, 2005 Ind. LEXIS 145 (Ind. Feb. 18, 2005).

On the date this matter was set for oral argument in our Court, the State, for the first time, asserted that the post-conviction court had not had subject matter jurisdiction to consider the DNA testing request. We deny the State's motion for dismissal. In brief, the State's argument is that Lacey's August, 1999, request for DNA testing itself constituted a petition for post-conviction relief separate and apart from the petition that Lacey already had on file.[1] As such, the State contends that the DNA testing request was a "successive" petition for post-conviction relief for which appellate court authorization was required for it to be considered by the post-conviction court.[2] It is clear that Lacey sought the DNA testing in order to prosecute his then-pending petition for post-conviction relief, and he did so without implicating our rule on successive petitions. It would be a different matter if he had already litigated one petition to conclusion. But here his request was simply part of discovery in a proceeding in fieri. He was entitled to file it without appellate court authorization.

For somewhat similar reasons, we conclude that the post-conviction court was wrong to deny Lacey's request. Lacey was entitled to employ reasonable means in order to obtain evidence in support of his petition. It is our understanding from the record that he simply sought to

---

[1] Indiana Post-Conviction Rule 1(1)(d) provides:
> A petition filed by a person who has been convicted or sentenced for a crime by a court of this state that seeks to require forensic DNA testing or analysis of any evidence, whether denominated as a petition filed pursuant to Ind. Code § 35-38-7-5 or not, is considered a Petition for Post-Conviction Relief.

[2] Post-Conviction Rule 1(12) provides that a second, or successive, petition for post-conviction relief must first be authorized by the Court of Appeals or this Court before it can be filed.

obtain the hat so that his counsel could submit it to DNA testing at his (in this case, the State Public Defender's) expense.

The State argues that a special statute on forensic DNA testing, Indiana Code Sections 35-38-7-1, et seq., controls. We do not see that statute implicated here, but only normal rules of discovery.

Indiana Code Sections 35-38-7-1, et seq., was enacted by the Legislature in 2001. 2001 Ind. Acts, Pub. L. No. 49-2001, § 2 at 262. It established detailed procedures by which persons convicted of murder or a Class A, B, or C felony can petition the sentencing court to require DNA testing in certain circumstances. Joel M. Schumm, Survey: Criminal Law and Procedure: Recent Developments in Indiana Criminal Law and Procedure, 35 Ind. L. Rev. 1347, 1348 (2002). We read this legislation as providing certain "convicted felons greater access to DNA testing and analysis to exonerate themselves." Id. (emphasis added). To read the legislation as the State suggests here would be to do the opposite, that is, it would provide persons convicted of a crime less access to DNA testing than they had prior to the enactment of Indiana Code Sections 35-38-7-1, et seq.

The decision of the post-conviction court is reversed. We remand this matter to that court with directions that, upon certification of this decision by the Clerk, it instruct the State to deliver the hat to the State Public Defender and that it instruct her, upon receipt of the hat, to conduct the DNA testing she considers appropriate in the circumstances and then file the report on the testing, all on a reasonable schedule that the post-conviction court establishes for this purpose.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.