FILED

Aug 09 2017, 5:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Todd A. Currie, Jr.
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd Alan Currie, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 9, 2017<br><br>Court of Appeals Case No.<br>01A02-1609-PC-2077<br><br>Appeal from the Adams Circuit Court<br><br>The Honorable Chad E. Kukelhan, Judge<br><br>Trial Court Cause No.<br>01C01-1606-PC-4 |

**Robb, Judge.**

# Case Summary and Issue

Todd Alan Currie, Jr., pro se, appeals the dismissal of his petition for post-conviction relief, raising one issue for our review: whether the post-conviction court erred in treating his petition as a successive petition for post-conviction relief and therefore erred in dismissing his petition with prejudice. Concluding the post-conviction court erred in treating Currie's petition as an improperly filed successive petition, we reverse and remand.

# Facts and Procedural History

On November 2, 2006, Currie entered a plea of guilty to two counts of Class B felony child molesting in Adams Circuit Court. On January 22, 2007, Currie was sentenced to twenty years on each count, to be served concurrently, with ten years of each sentence suspended.[1]

In 2010, Currie filed in Adams Circuit Court a pro se petition seeking post-conviction relief ("2010 PCR"). The 2010 PCR was later withdrawn at Currie's request without prejudice. Currie alleges he was released from the Indiana Department of Correction in June 2012 and placed on probation and parole. He began his probation in Adams County, but his probation was transferred to another county in January 2014. In November 2014, the Adams County

---

[1] Currie was sentenced on that same date in two other causes that did not affect his aggregate sentence and are not at issue here.

probation department filed a notice of probation violation. The Adams Circuit Court revoked Currie's probation and ordered him to serve the ten years previously suspended from his sentence.

[4] In January 2016, Currie filed in Adams Circuit Court a pro se motion for relief from judgment/petition for post-conviction relief ("2016 PCR"). Currie alleges his 2016 PCR raised issues related to ineffective assistance of counsel, whether Adams County could revoke his probation when his probation had been transferred to another county, and whether he could be placed simultaneously on probation and parole.[2]

[5] On April 28, 2016, Currie filed in Henry Circuit Court a pro se complaint for writ of habeas corpus alleging his incarceration was illegal because neither his plea agreement nor the trial court at his sentencing hearing referred to a period of mandatory parole.[3] The State moved to have Currie's complaint treated as a petition for post-conviction relief and transferred to Adams Circuit Court pursuant to Post-Conviction Rule 1(1)(c). Currie responded to the State's motion by agreeing the matter should be transferred to the sentencing court, noting he had a petition for post-conviction relief already pending there, and requesting the case be transferred to Adams Circuit Court to be docketed under

---

[2] Currie has not included a copy of his 2016 PCR petition in his appendix.

[3] Currie is currently incarcerated at the New Castle Correctional Facility located in Henry County. Jurisdiction over a writ of habeas corpus is with a court in the county of incarceration. Ind. Code § 34-25.5-2-2.

the existing 2016 PCR cause number. The Henry Circuit Court transferred the complaint to Adams Circuit Court to be re-filed as a petition for post-conviction relief. The Adams Circuit Court docketed the case on April 29, 2016, under a new cause number ("Current PCR"). On the same day, the post-conviction court issued the following order in the Current PCR:

> [Currie] has previously filed a Petition for Post-Conviction Relief [in 2010 and 2016].
>
> Pursuant to Indiana Post-Conviction Rule 1(12), [Currie] must seek permission to file a successive petition for post-conviction relief by filing a Successive Post-Conviction Rule 1 Petition Form and the proposed successive petition for post-conviction relief with the Clerk of the Court for the Indiana Court of Appeals, which [Currie] has not done.
>
> As [Currie] has not complied with the procedures found in Indiana Post-Conviction Rule 1(12), this Court should dismiss this successive petition for post-conviction relief.
>
> The Court now dismisses this cause with prejudice.

Appellant's Appendix, Volume 2 at 12. Currie filed a motion to correct error and a motion for the post-conviction court to take judicial notice of the records from the 2010 and 2016 PCRs. The post-conviction court took no action on Currie's motions. Currie now appeals.

# Discussion and Decision

[6]     Currie acknowledges the Henry Circuit Court correctly transferred his Current PCR to Adams Circuit Court, because the allegations of his petition do not entitle him to immediate release. *See id.* at 43; *see also* Ind. Post-Conviction Rule 1(1)(c); *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009) (holding that petitioner's habeas corpus petition challenging the validity of his convictions and sentence was required to be transferred from the county where he was incarcerated to the court where he was convicted and sentenced and was to be treated as a petition for post-conviction relief). He argues, however, that upon accepting the transfer, the post-conviction court erred in applying Post-Conviction Rule 1(12) to the Current PCR and dismissing it on the basis that it is an unauthorized successive petition. In the alternative, he argues the post-conviction court erred in dismissing his Current PCR with prejudice.

[7]     If a petitioner has never sought post-conviction relief in the past, he or she must follow the procedures outlined in Post-Conviction Rule 1(1). If the petitioner has sought post-conviction relief before, however, he or she must follow the procedure found in Post-Conviction Rule 1(12) for successive petitions. Post-Conviction Rule 1(12) provides a petitioner must request and receive permission from the appellate court to pursue a successive petition for relief. *See Love v. State*, 52 N.E.3d 937, 939-40 (Ind. Ct. App. 2016). When a court encounters an improper successive petition for post-conviction relief, it should dismiss the action. *Beech v. State*, 702 N.E.2d 1132, 1137 (Ind. Ct. App. 1998). Here, the post-conviction court determined Currie's Current PCR was a successive petition because he previously filed the 2010 and 2016 PCRs. Currie

asserts the post-conviction court erred as a matter of law in interpreting Post-Conviction Rule 1(12) to require dismissal of his Current PCR because no final judgment on the merits of any post-conviction petition has been entered and therefore the Current PCR is not a successive petition requiring this court's permission to file. Interpretation of our supreme court's rules, including the Rules of Procedure for Post-Conviction Remedies, is a purely legal question we review de novo. *State v. Holtsclaw*, 977 N.E.2d 348, 349 (Ind. 2012).

[8] A post-conviction petition is not a second or successive petition requiring leave of court unless and until a first petition has been litigated to conclusion. *See Williams v. State*, 808 N.E.2d 652, 659 (Ind. 2004) (noting Post-Conviction Rule 1(12) allows a convicted person "*who has already completed* one state post-conviction relief proceeding to request a successive opportunity for post-conviction relief") (emphasis added); *see also* P-C.R. 1 Appendix (Instructions to Form for Successive Post-Conviction Relief Rule 1 Petitions stating "If you have previously filed a Petition for Post-Conviction Relief directed to this conviction . . . *and the earlier petition was decided on the merits*, you must fill out this form and file it along with your petition.") (emphasis added); *cf. Lacey v. State*, 829 N.E.2d 518, 519 (Ind. 2005) (holding petitioner's request for DNA testing, treated as a petition for post-conviction relief pursuant to Post-Conviction Rule 1(1)(d) and filed while a petition for post-conviction relief was pending, was not a second or successive petition requiring authorization because he had not yet litigated his first petition to conclusion).

[9]     "At any time prior to entry of judgment the court may grant leave to withdraw the petition." P-C.R. 1(4)(c). Currie's 2010 PCR was withdrawn without prejudice and never decided on the merits; therefore, it is not a "completed" post-conviction proceeding that would render the Current PCR a successive petition. *See Long v. State*, 679 N.E.2d 981, 983 (Ind. Ct. App. 1997) ("Where an action is voluntarily dismissed without prejudice the situation is as though no action had ever been brought[;]" therefore, where petitioner's first petition was dismissed without prejudice, he had "the right to refile his petition for post-conviction relief, and it should be treated as a new filing"); *cf. Beech*, 702 N.E.2d at 1134 (noting on petitioner's request to "reinstate" an earlier successive petition for post-conviction relief that because the earlier petition had been dismissed, there was nothing to "reinstate"). The post-conviction court therefore erred to the extent it relied on the 2010 PCR as a reason to dismiss the Current PCR.

[10]    As for the 2016 PCR, Currie asserts it was still pending when the post-conviction court entered its order dismissing the Current PCR for failure to follow Rule 1(12). *See* Appellant's Brief at 10. The State contends the record does not clearly support this assertion. Both parties direct us to the Chronological Case Summary ("CCS") for the 2016 PCR, which shows Currie filed a pro se motion for relief/petition for post-conviction relief on January 28, 2016; the State filed its answer on February 2, 2016; and an "Order Re: Pro-Se Request denying Motion" was entered on April 4, 2016. Appellant's App., Vol. 2 at 62-63. The CCS reflects the "disposition date" for the 2016 PCR is April 4,

2016, yet additional entries have been made on the CCS since that date, including "Court's Entry and Order Re: Pro Se Request" entries on August 9, 18, and 23, and September 19, 2016. *Id.* at 62, 64-65. Therefore, the document the parties cite in support of their respective positions is inconclusive at best. And although Currie has not provided any other documents associated with the 2016 PCR when it is his obligation to provide a record sufficient for us to decide the issues he presents, *Perez-Grahovac v. State*, 894 N.E.2d 578, 585 (Ind. Ct. App. 2008), *trans. denied*, we do note the court issued an "order of appointment" and forwarded Currie's 2016 PCR to the office of the State Public Defender on February 1, 2016; there is nothing to suggest the State moved for summary disposition; and no evidentiary hearing has been held. Finally, we also note that the post-conviction court's order dismissing the Current PCR mentions only that Currie had previously *filed* a petition for post-conviction relief and does not indicate the 2016 PCR had already been resolved. As resolution of one post-conviction relief proceeding is what makes a second petition "successive," and as it appears plausible that Currie's 2016 PCR had not been resolved on the merits prior to April 28, 2016, the date on which he filed the Current PCR, we conclude the post-conviction court erred in considering the Current PCR to be a successive petition requiring authorization to file and therefore erred in dismissing the Current PCR for that reason.[4]

---

[4] Caselaw states when a court encounters an improperly filed successive petition for post-conviction relief, it should be dismissed for lack of jurisdiction. *See*, *e.g.*, *Beech*, 702 N.E.2d at 1137. More recent caselaw from our supreme court, however, has made clear it is not appropriate to declare that a "lack of jurisdiction"

[11] We do agree with the State that Currie is required to raise all known claims challenging his conviction and sentence in a single petition, however. P-C.R. 1(1)(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."). As the post-conviction rules preclude Currie from simultaneously litigating multiple petitions challenging the same judgment, the post-conviction court's erroneous dismissal of the Current PCR could have been harmless error. This is because Post-Conviction Rule 1(4)(c) would ordinarily allow Currie the opportunity to amend his 2016 PCR to incorporate the claims in the Current PCR.[5] As the State notes, "it is

---

precludes consideration of a case when a party has failed to comply with procedural requirements, and the court has significantly relaxed those requirements when it comes to the exercise of appellate jurisdiction. *See In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017) (noting a premature appeal from a non-final order does not deprive the appellate court of jurisdiction); *In re Adoption of O.R.*, 16 N.E.3d 965, 970-71 (Ind. 2014) (holding appellate court has jurisdiction to consider an appeal forfeited for failure to file a timely notice of appeal). Jurisdiction "speak[s] to the power of the court rather than to the rights or obligations of the parties." *In re O.R.*, 16 N.E.3d at 971 (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160-61 (2010) (holding failure to comply with a statutory registration requirement is a precondition to filing a copyright infringement claim but does not restrict a court's subject matter jurisdiction)). "Subject matter jurisdiction" is the power of a court, granted by statute or our constitution, to decide the general class of actions to which a case belongs. *Garwood v. State*, 77 N.E.3d 204, 215 (Ind. Ct. App. 2017). Circuit courts have original and concurrent jurisdiction in all civil and criminal cases, Ind. Code § 33-28-1-2(a)(1), and Post-Conviction Rule 1(12) simply imposes a pre-condition to invoking that jurisdiction in certain cases. In fact, there was no such pre-condition to successive petitions until January 1, 1994, when Post-Conviction Rule 1(12) was amended to require prior authorization. *See* P-C.R. 1(12) (1991). Thus, it is clear the Adams Circuit Court has jurisdiction to entertain a successive petition and if Currie has indeed filed a successive petition without prior authorization, it is only a procedural default and not a jurisdictional defect.

[5] It appears that is what Currie intended to do. In his response to the State's Motion to Transfer to Sentencing Court, Currie asked that his self-styled habeas petition be transferred to the Adams Circuit Court to be filed under the 2016 PCR cause number. Although his response was filed in the Henry Circuit Court and sought an action the Henry Circuit Court did not have the power to take, it is clear Currie understands all his claims should be heard in one proceeding. *See* Brief of Appellant at 11 (Currie noting his Current PCR was dismissed "without an opportunity for the petitioner to present any relevant information or motions, such as to withdraw without prejudice under P-C.R. 1(4)(C) or to amend the issues into an already pending petition"). Moreover, the post-conviction court had Currie's response before it at the time it dismissed the Current PCR but did not allow him the time to pursue amending his 2016 PCR and/or withdrawing his Current PCR.

incumbent upon [Currie] to properly seek to amend his petition and raise all grounds for relief available to him" in a single petition and it is not the post-conviction court's obligation to "shape and monitor the contents of his pleadings[.]" Brief of Appellee at 12. But the fact the post-conviction court dismissed the Current PCR *with prejudice* for being an unauthorized successive petition on the same day it docketed the transferred case precluded the opportunity for Currie to amend his 2016 PCR to include the allegations from his Current PCR. "A dismissal with prejudice is a dismissal on the merits . . . and is res judicata as to any questions which might have been litigated." *Fox v. Nichter Constr. Co., Inc.*, 978 N.E.2d 1171, 1180 (Ind. Ct. App. 2012), *trans. denied*. Currie should be given the opportunity to amend his pending petition to pursue all his post-conviction claims in one proceeding. Therefore, we must reverse the dismissal with prejudice and remand for further proceedings consistent with this opinion.

# Conclusion

[12] The post-conviction court improperly determined Currie's Current PCR was a successive petition and therefore erred in dismissing his petition with prejudice. We reverse the dismissal and remand for further proceedings consistent with this opinion.

[13] Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.