## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 8:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Dewayne Perry
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dewayne Perry, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | January 23, 2018 <br><br> Court of Appeals Case No. <br> 49A02-1706-PC-1526 <br><br> Appeal from the <br> Marion Superior Court <br><br> The Honorable <br> Lisa F. Borges, Judge <br> The Honorable <br> Anne Flannelly, Magistrate <br><br> Trial Court Cause No. <br> 49G04-1109-PC-66257 |

**Kirsch, Judge.**

[1] In 2014, after his murder[1] conviction and habitual offender[2] finding were affirmed on appeal, Dewayne Perry ("Perry") filed a petition for post-conviction relief, which was later withdrawn with prejudice. In 2017, Perry filed a second petition for post-conviction relief, which the post-conviction court dismissed without prejudice. On appeal, Perry contends that the post-conviction court erred in treating his 2017 petition as an improper successive petition for post-conviction relief and, thus, erred in dismissing that petition.

[2] We affirm.

## Facts and Procedural History

[3] In December 2012, a jury found Perry guilty of murder, a felony, and Class A felony robbery, and Perry pleaded guilty to being a habitual offender. The trial court ordered him to serve an aggregate sentence of eighty-five years, fifty-five years for murder, enhanced by thirty years for the habitual offender finding, and one day for robbery. Perry appealed, arguing that the evidence was insufficient to sustain his convictions and that his convictions for murder and robbery violated the prohibition against double jeopardy. Our court affirmed in part, finding the evidence was sufficient to support the jury's verdict, and reversed in part, finding that the convictions for murder and robbery constituted double

---

[1] *See* Ind. Code § 35-42-1-1.

[2] *See* Ind. Code § 35-50-2-8.

jeopardy. Accordingly, our court directed the trial court to vacate Perry's robbery conviction and its respective one-day sentence.

[4] On May 22, 2014,[3] Perry filed a pro se petition for post-conviction relief ("2014 Petition"), contending that (1) trial counsel was ineffective for failing to object to the use of false testimony, and (2) Perry was denied due process when the State both allowed its witness to commit perjury and failed to turn over depositions of key prosecution witnesses. *Appellant's App. Vol. II* at 57-58. The post-conviction court referred the 2014 Petition to the State Public Defender's office, and attorney Jeff Merryman ("Merryman") entered his appearance on Perry's behalf in June 2014. *Id.* at 51. Merryman filed Perry's first status report in December 2014, requesting additional time, and the post-conviction court set a status hearing for June 2015.

[5] About four months before the June 2015 hearing, Merryman filed a motion to withdraw his appearance: (1) certifying that he had consulted Perry regarding grounds raised in the pro se petition; (2) certifying that he had conducted appropriate investigation, including having reviewed pertinent transcripts; and (3) stating that he had forwarded copies of the transcripts to Perry.[4] *Id.* at 40.

---

[3] Perry cites to a filing date of February 19, 2014. *Appellant's Br.* at 5. The February date is, indeed, stamped on the bottom of the petition, *Appellant's App. Vol. II* at 55; however, the CCS reflects a filing date of May 22, 2014.

[4] While the reason for Merryman's withdrawal is not clear, we note that pursuant to Post-Conviction Rule (1)(9)(c),

> Counsel shall confer with petitioner and ascertain all grounds for relief under this rule . . . . In the event that counsel determines the proceeding is not meritorious or in the interests of justice, before or after an evidentiary hearing is held, counsel shall file with the court counsel's

The post-conviction court granted Merryman's motion and, in its Amended Scheduling Order, reset the evidentiary hearing to November 17, 2015. *Id.* at 37. In June 2015, Perry filed a pro se motion for an indefinite extension, and the post-conviction court granted that motion and rescheduled the evidentiary hearing for December 2016, more than a year later.

[6] On December 6, 2016, the day of the evidentiary hearing, Perry filed a motion to continue, which the post-conviction court denied. During the hearing, Perry "orally moved to dismiss his Petition for Post-Conviction Relief with prejudice."[5] *Id.* at 15. The post-conviction court granted Perry's motion.[6] Perry did not appeal that decision.

[7] On May 1, 2017, Perry pro se filed another petition for post-conviction relief ("2017 Petition"). In that petition, Perry alleged that trial counsel was ineffective for: (1) allowing the omnibus date to be reset, knowing that the State wanted to add a habitual offender charge, which would have been precluded

---

withdrawal of appearance, accompanied by counsel's certification that (1) the petitioner has been consulted regarding grounds for relief in his pro se petition and any other possible grounds and (2) appropriate investigation, including but not limited to review of the guilty plea or trial and sentencing records, has been conducted. Petitioner shall be provided personally with an explanation of the reasons for withdrawal. Petitioner retains the right to proceed pro se, in forma pauperis if indigent, after counsel withdraws.

[5] It is not clear whether the evidentiary hearing on December 6, 2016 was recorded; however, the record before us does not have a transcript of that hearing.

[6] The CCS reflects the following entry for December 6, 2016, pertaining to the 2014 Petition, "[Perry] moves to withdraw his petition for post-conviction relief *with prejudice*: Granted." *Appellant's App. Vol. II* at 12-13 (emphasis added). In its order dismissing the 2017 Petition, the post-conviction court states, "The Court granted the Petitioner's motion to dismiss his [2014] petition." *Id.* at 15. We note, however, there is no written order in the record before us that reflects the dismissal of the 2014 Petition.

without the reset date; (2) not impeaching a witness with prior inconsistent statements; (3) failing to introduce a witness's prior statements to demonstrate that the witness lied and the police investigation was flawed; (4) failing to object to the "State's improperly educating the potential jurors on the law and inculcating them with an easily recognizable fact pattern," which deprived Perry of a fair trial; (5) failing to object to improper comments made by the prosecutor in opening statements, when those comments "followed-up on improper jury voir dire"; (6) failing to conduct reasonable investigations; and (7) failing to both file a pre-trial motion to suppress evidence and failing to make proper objections. *Id.* at 18-19. Perry also claimed that those errors, if inadequate individually, had a "cumulative impact." *Id*. at 19.

[8] On May 2, 2017, the post-conviction court noted that Perry had not obtained permission to file a successive petition for post-conviction relief, which was required because the 2014 Petition had been dismissed with prejudice. Accordingly, the post-conviction court dismissed the 2017 Petition without prejudice. On June 1, 2017, Perry filed a motion to correct error, which the post-conviction court denied on June 7, 2017. Perry now appeals.

## Discussion and Decision

[9] On appeal, Perry asserts that the post-conviction court erred by dismissing his 2014 Petition with prejudice. *Appellant's Br*. at 4. Specifically, he contends that "due to his [having had a] stroke, coupled with his lack of understanding of the law," he misunderstood and thought that the dismissal of his 2014 Petition was

without prejudice.[7]. *Appellant's Br.* at 7. Perry argues that because of his lack of understanding, he did not appeal the judgment dismissing the 2014 Petition. *Id.* Perry's contentions notwithstanding, the instant appeal arises from the post-conviction court's dismissal without prejudice of Perry's 2017 Petition. Accordingly, we find the issue more accurately stated as whether the post-conviction court erred as a matter of law in interpreting Post-Conviction Rule 1(12) to require dismissal of the 2017 Petition as an improper successive petition for post-conviction relief. We find no error.

[10]     A petitioner who has never sought post-conviction relief must follow the procedures outlined in Post-Conviction Rule 1(1), and a petitioner who has previously sought post-conviction relief must follow the procedure found in Post-Conviction Rule 1(12) for successive petitions. *Currie v. State*, 82 N.E.3d 285, 287 (Ind. Ct. App. 2017). "Post-Conviction Rule 1(12) provides a petitioner must request and receive permission from the appellate court to pursue a successive petition for relief." *Id.* When a post-conviction court encounters an improper successive petition for post-conviction relief, it should dismiss the action. *Id.*

---

[7] Perry also contends that Merryman never informed him that "there were timeframes that must be adhered to or his petition would be in jeopardy." *Appellant's Br.* at 6. Further, he argues that the clerk of court never sent him a copy of the Amended Scheduling Order. *Id.* Those factors, if true, were irrelevant to the fact that Perry's 2014 Petition was withdrawn with prejudice. Here, Perry understood enough to file, more than five months prior to November 2015, a motion for "indefinite extension of time." *Appellant's App. Vol. II* at 11. When the post-conviction court granted Perry's continuance and rescheduled the evidentiary hearing until December 2016, more than one year later, the earlier hearing scheduling order was no longer pertinent. *Id.* at 12.

[11] Here, the post-conviction court dismissed Perry's 2017 Petition after determining that it was a successive petition for post-conviction relief, and Perry "ha[d] failed to comply with Indiana Post-Conviction Rule 1(12)." *Appellant's App. Vol. II* at 15. "A post-conviction petition is not a second or successive petition requiring leave of court unless and until a first petition has been litigated to conclusion." *Currie*, 82 N.E.3d at 288 (citing *Williams v. State*, 808 N.E.2d 652, 659 (Ind. 2004) (noting Post-Conviction Rule 1(12) allows convicted person "*who has already completed* one state post-conviction relief proceeding to request a successive opportunity for post-conviction relief") (emphasis added)). "'A dismissal with prejudice is a dismissal on the merits . . . and is res judicata as to any questions which might have been litigated.'" *Id.* at 290 (quoting *Fox v. Nichter Constr. Co.,* 978 N.E.2d 1171, 1180 (Ind. Ct. App. 2012), *trans. denied*).

[12] To prevail on appeal, Perry must convince this court that his 2017 Petition is not a successive petition because the judgment dismissing with prejudice his 2014 Petition was not final. Perry argues that his stroke, difficulty with language, and lack of formal education prevented him from knowing that his 2014 Petition was withdrawn with prejudice and, therefore, should be appealed. Accordingly, he suggests that it would be unfair to consider the judgment on the 2014 Petition as a prior post-conviction petition for purposes of Post-Conviction Rule 1(12).

[13] In his Appellant's Brief, Perry cites only to *State v. Collier*, 61 N.E.3d 265 (Ind. 2016) as support for his claim that his circumstances warrant such relief,

claiming the cases are "analogous." *Appellant's Br*. at 7. In *Collier*, the post-conviction court summarily denied Collier's 2007 petition for post-conviction relief ("2007 judgment") without referring the petition to the public defender, as requested. *Collier*, 61 N.E.3d at 267. In 2008, Collier inquired about the status of his 2007 petition and, again, requested representation. *Id*. The post-conviction court responded by sending Collier a copy of the 2007 judgment. On various occasions between May 2009 and September 2012, Collier asked the court for documents related to his conviction and post-conviction petition. *Id*. In response, the post-conviction court sent him either a copy of his CCS or a copy of the 2007 judgment. *Id*. In 2014, Collier filed another pro se petition and, again, requested appointed counsel. *Id*. at 267. This time counsel was appointed and filed, in April 2015, (1) a motion for leave to amend Perry's 2014 petition and (2) a motion for relief from the 2007 judgment. As to the latter, Collier argued that he had no appointed counsel in 2007 and was not notified of the 2007 judgment in time to perfect an appeal. Counsel stated her belief that "Collier suffered from cognitive and/or mental deficiencies that impacted Collier's ability to represent himself. Collier has limited education and . . . review of the record reveals that there are issues that have merit." *Id*. at 267. The post-conviction court granted Collier relief from its 2007 judgment, concluding that "it was a mistake for the [c]ourt not to appoint counsel and to summarily deny" Collier's petition. *Id*.

[14] On transfer, the Indiana Supreme Court found that the post-conviction court did not abuse its discretion. *Id*. at 270. Specifically, the Supreme Court

concluded that it could not be "said that the court's correction of its own error, which was compounded by Collier's lack of education and potentially his cognitive and/or mental difficulties, [was] against the 'logic and effect of the facts and circumstances before [it].'" *Id*. at 270 (citation omitted).

[15] The State attacks *Collier* as being "inapposite," arguing that the result in *Collier* hinges on the fact that the post-conviction court was correcting its own error, that of failing to appoint requested counsel, and that the error was compounded by Collier's lack of education and potentially his cognitive and mental difficulties. *Appellee's Br.* at 8-9. Responding in his Reply Brief to the State's argument that *Collier* can be distinguished, Perry clarifies that he "does not cite to *Collier* for its factual similarity. Rather, Perry relies upon *Collier* for the principles of due process and fundamental fairness that it embodies." *Reply Br*. at 7.

[16] The December 2016 proceedings before the post-conviction court were not transcribed, so there is little evidence in the record before us to offer insight into what occurred during that hearing on the 2014 Petition. Perry was acting pro se, and there is no evidence that he misunderstood the proceedings or was unable to communicate with the post-conviction court. The State contends that Perry "requested to withdraw his petition with prejudice." *Appellee's Br.* at 5. The post-conviction court understood that Perry was withdrawing his petition with prejudice, and the CCS reflects that the post-conviction court granted

Perry's motion to withdraw his petition with prejudice.[8] *Appellant's App. Vol. II* at 12-13. From the record before us, we find no principles of fairness were violated when the post-conviction court decided that Perry's 2014 Petition was withdrawn with prejudice and, therefore, was a final determination as to the matters contained therein. Accordingly, the post-conviction court did not err when it dismissed without prejudice Perry's 2017 Petition, after finding Perry had not requested and received permission from the appellate court to pursue a successive petition for post-conviction relief.[9]

[17] Affirmed.

[18] Bailey, J., and Pyle, J., concur.

---

[8] Perry contends that he was prejudiced because he did not know that his petition was withdrawn with prejudice. We disagree. Regardless of whether Perry requested that his petition be dismissed without prejudice, a post-conviction court has the discretion to dismiss a petition with prejudice even when the defendant and the State agree that the petition should be dismissed without prejudice. *See Tinker v. State*, 805 N.E.2d 1284, 1287-88 (Ind. Ct. App. 2004), *trans. denied*. Such a decision is reviewed in our court for an abuse of discretion. *Id*. at 1290 (trial court's refusal to allow petitioner to withdraw without prejudice was not abuse of discretion).

[9] As the post-conviction court suggests, Perry is not totally barred from filing another petition for post-conviction relief. *Appellant's App. Vol. II* at 14, 15. Post-Conviction Rule 1(12) permits defendants to ask this court to authorize the filing of successive petitions if the petitioner establishes a reasonable possibility that he is entitled to post-conviction relief. *See Tinker*, 805 N.E.2d at 1290 n.6.